**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**MICHAEL L. SMALLWOOD,**

Plaintiff,

v.                                                          **CIVIL ACTION NO. 1:20-CV-241
(KLEEH)**

**JUDGE PATRICK N. WILSON, CIRCUIT
COURT JUDGE OF MARION COUNTY**

Defendant.

**REPORT AND RECOMMENDATION**[1]

## I.        INTRODUCTION

Pending before the Court is Plaintiff Michael L. Smallwood's, ("Plaintiff") pro se

Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis.[2] Because Plaintiff seeks to

proceed *in forma pauperis*, the undersigned must conduct a preliminary review to

determine whether Plaintiff's pro se Complaint [ECF No. 2] sets forth any viable claims.

See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that this Court does

not have jurisdiction to consider Plaintiff's matter, the undersigned recommends that

Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in*

*forma pauperis* be denied as moot.

## II.        THE COMPLAINT

On October 13, 2020, Plaintiff filed "Petition for Writ of Mandamus" ("Petition")

[ECF No. 1], regarding a ruling issued by West Virginia state court judge, Judge Patrick

---

[1] All CM/ECF references refer to Civil Action Number 1:20-cv-00241 unless otherwise stated.
[2] This action was referred to the undersigned by order dated February 5, 2021. ECF No. 9.

N. Wilson ("Judge Wilson"). ECF No. 1. In 2019, Plaintiff filed a petition in the Circuit Court of Marion County, West Virginia, to which Judge Wilson was assigned, wherein he sought to ascertain the boundary line for a piece of real estate. Id. at 8. Plaintiff claims that Judge Wilson violated his judicial discretion by dismissing the petition, with prejudice, in favor of the opposing parties. ECF No. 1 at 9. Further, Plaintiff asserts he should have been permitted to produce evidence and have the boundary line determined. Id.

In addition to the Petition [ECF No. 1] filed with this Court, Plaintiff submitted a Complaint on October 13, 2020. ECF No. 2; 2-1. Additionally, the same day, Plaintiff filed a "Motion for Preliminary Injunction with Supporting Memorandum." ("Motion for Preliminary Injunction") ECF No. 3. In the Motion for Preliminary Injunction, Plaintiff states that because Judge Wilson granted an order to dismiss with prejudice, he will suffer irreparable harm because the opposing parties in the state action may trespass on land that the Plaintiff believes to be his. Id. at 1-2. Further, Plaintiff claims the opposing parties may "force him off his own property and then take it by Eminent Domain." Id. at 2.

Plaintiff demands that a preliminary injunction should be granted "to stop irreparable harm against him." ECF No. 1 at 12; ECF No. 3 at 1. In his request for relief, Plaintiff asks this Court to grant the Motion for Preliminary Injunction; not grant the opposing parties' (in the state case) Motion to Dismiss with Prejudice; and reconsider the state court petition "on the merits and evidence."[3] ECF No. 3 at 3. Also, Plaintiff requests

---

[3] Noteworthy, it appears from ECF No. 1-2, an exhibit filed by Plaintiff with his Petition, Plaintiff filed the same Motion for Preliminary Injunction in Marion County, West Virginia. ECF No. 1-2 at 1. Plaintiff then changed the Respondent to Judge Wilson and filed the Motion for Preliminary Injunction before the undersigned.

that the Court grant his petition for a writ of mandamus "to remand the lower court."[4] ECF
No. 1 at 12.

### III.      LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing
fees. The court has the authority to allow a case to proceed without the prepayment of
fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R.
Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to
proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained
that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that
indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490
U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a
preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. §
1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty.,
S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its
discretion when it dismissed the non-prisoner complaints under 28 U.S.C. §
1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the
complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,
or seeks monetary relief against a defendant who is immune from such relief. See 28
U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil
Procedure "require[ ] only 'a short and plain statement of the claim showing that the

---

[4] The undersigned is unsure from Plaintiff's phrasing, here, if he is asking to "remand to the lower court" or "reprimand the lower court."

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

## IV.    DISCUSSION

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

**A. Diversity Jurisdiction**

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Based on the limited information in the Petition and Complaint, Plaintiff is a citizen of West Virginia and lists his address as in Fairmont, West Virginia. ECF No. 1 at 1, ECF No. 2-1 at 1. Also, Judge Wilson is a West Virginia state court judge, and filings by Plaintiff support Judge Wilson being a citizen of West Virginia, as well. ECF No. 2-1 at 1. Further, Plaintiff does not assert diversity jurisdiction. ECF No. 2 at 1; ECF No. 2-1 at 1. Therefore, based on the information the undersigned has before him, diversity jurisdiction does not exist.

**B. Federal-question Jurisdiction**

Federal-question jurisdiction requires that the action "aris[e] under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. On the first page of the complaint, Plaintiff indicates that he is not seeking entry into federal court through federal-question jurisdiction. ECF No. 2 at 1. However, on the Civil Cover Sheet, Plaintiff checks a box to indicate that he brings the claim under federal-question jurisdiction. ECF No. 2-1 at 1. Importantly, within the Petition, Plaintiff raises due process of law claims, under the Fourteenth Amendment of the Constitution of the United States, and the Court will provide liberal construction as to Plaintiff's jurisdiction claims.[5] ECF No. 1 at 7, 9, 11.

Despite Plaintiff's assertions that his rights under the Fourteenth Amendment of the Constitution of the United States have been violated, this Court does not have jurisdiction. "Congress has vested federal review of state court decisions exclusively in the Supreme Court, which has discretion to grant a writ of certiorari." Natusch v. Nibert, No. 1:16CV81, 2017 WL 1155375, at *4 (N.D.W. Va. Mar. 28, 2017) (citing 28 U.S.C. § 1257(a)). District courts, when exercising original jurisdiction, are not permitted to conduct direct review of state courts. Id. (citing Davani v. Va. Dep't of Trans., 434 F.3d 712, 717 (4th Cir. 2006)). "[T]he Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Further, the doctrine applies to lower state court decisions as well as state high court decisions. Id. (quoting Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199

---

[5] Plaintiff also refers to issues arising under the Constitution of West Virginia and West Virginia state statutes throughout his filings in this case.

(4th Cir. 2000)). "[R]eview of state court decisions should be made to state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id. (quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997)). Further, federal courts cannot acquire jurisdiction, a central requirement that allows courts to hear matters before it, by simply issuing a writ of mandamus. Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969).

Here, while Plaintiff claims that he brings this Complaint, in part, because his constitutional rights were violated, this matter is truly about Judge Wilson's decision as a state court judge, ordering that Plaintiff's case be dismissed with prejudice. Plaintiff's factual assertions and requested relief demonstrate this conclusion. Plaintiff brings this case after Judge Wilson, acting in his judicial role, issued an unfavorable ruling against Plaintiff and dismissed his case. To remedy this, Plaintiff asks this Court to issue a preliminary injunction and remand the matter back to Judge Wilson. ECF No. 2 at 3; ECF No. 3 at 3. The remedies Plaintiff seeks are actions that higher state courts may take. See Davani, 434 F.3d at 719. Plaintiff cannot bring a case in this Court merely because he does not agree with the state court decision. Exxon Mobile Corp., 544 U.S. at 284. The proper remedy is for Plaintiff to seek appellate relief in state court and in the Supreme Court of the United States, but not in federal district court, which lacks jurisdiction to hear a case of this nature. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Jordahl, 122 F.3d at 202.  It is not the place of this Court to reexamine the orders of a state court and attempt to practically nullify them. See id. Simply, this Court must abstain from matters brought in state court, where Plaintiff is for practical purposes challenging an undesirable outcome. See Brozik v. Shmeleve, No. 1:18CV203, 2018 WL

5659914, at *2 (N.D.W. Va. Oct. 31, 2018) (noting that even though the plaintiff brought the case to federal court claiming that the state court allegedly exceeded its legitimate powers, the plaintiff was essentially asking the court to review and reject the state court judgment, which it could not do). Also, the jurisdictional issue cannot be cured by this Court issuing a writ of mandamus because if the Court lacks appellate jurisdiction, as it does here, it also lacks the authority to issue a writ of mandamus. Gurley, 411 F.2d at 587. Additionally, a federal district court cannot issue an injunction as to Judge Wilson's decision, remand the case, and instruct Judge Wilson to reconsider Plaintiff's arguments merely because Plaintiff is unsatisfied with the outcome and believes going to federal district court would be faster than the higher state court. See ECF No. 1 at 2. Noteworthy, it does not appear from the filings that Plaintiff has sought relief at the Supreme Court of Appeals of West Virginia or the Supreme Court of the United States.

Because the allegations asserted by Plaintiff do not provide the District Court with a basis to assert jurisdiction under the Rooker-Feldman doctrine, it is inappropriate for the Court to hear this matter.

**C. 28 U.S.C. § 1361**

28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. The code only applies to federal officers and employees. Bell v. Reynolds, 2007 WL 3377119, at *3 (D.S.C. October 15, 2007).

Here, Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1361. ECF No. 1 at 2. However, Judge Wilson is not an officer or employee of the United States. He

<u>is</u> an officer of West Virginia because he is a state court judge. Also, Judge Wilson does not owe Plaintiff the duty to issue a favorable decision in his case. Judge Wilson heard Plaintiff's case, issued a ruling, and Plaintiff can pursue remedies in a court of proper jurisdiction. Accordingly, this Court does not have jurisdiction under 28 U.S.C. § 1361.

## V.      RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 2] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Petition [ECF No. 1] for Writ of Mandamus; Motion [ECF No. 3] for Preliminary Injunction with Supporting Memorandum; and Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Michael L. Smallwood, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845–48 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 18th day of February, 2021.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE