IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**MICHAEL L SMALLWOOD,**

        Petitioner,

v.                                      CIVIL ACTION NO. 1:20-CV-241
                                                  Judge Bailey

**JUDGE PATRICK N. WILSON,**
Circuit Court Judge of Marion County,

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

        The above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Trumble [Doc. 12]. Because the petitioner is proceeding *in forma pauperis*, the case was referred to the magistrate judge to conduct a preliminary review to determine whether the petitioner sets forth any viable claims. See 28 U.S.C. § 1915(e). Magistrate Judge Trumble filed his R&R on February 18, 2021, wherein he recommends that the plaintiff's Complaint [Doc. 2] be dismissed without prejudice, and the Petition [Doc. 1], Motion for Preliminary Injunction [Doc. 3], and Motion for Leave to Proceed *In Forma Pauperis* be denied as moot. For the reasons that follow, the Court will adopt the R&R.

**I. BACKGROUND**

        This case arises out of a ruling issued by West Virginia State Court judge, Judge Patrick N. Wilson ("Judge Wilson"). Petitioner filed a petition in the Circuit Court of Marion County to ascertain the boundary line for a piece of real estate. Judge Wilson dismissed the petition, with prejudice, in favor of the opposing parties. Petitioner contends that this

1

Court has jurisdiction under 28 U.S.C. § 1361 to compel Judge Wilson to rehear the case. Petitioner raises claims of due process under the Fourteenth Amendment, and for relief asks this Court to remand the case back to the Circuit Court of Marion County.

In his R&R, Judge Trumble found that this Court lacks subject matter jurisdiction over this case. The magistrate judge observed that "while Plaintiff claims that he brings this Complaint, in part, because his constitutional rights were violated, this matter is truly about Judge Wilson's decision as a state court judge, ordering that Plaintiff's case be dismissed with prejudice." [Doc. 12 at 7]. The magistrate judge observed that Federal district courts do not have original jurisdiction to conduct direct review of state courts, and that petitioner's appropriate remedy is to seek appellate relief in state court and in the Supreme Court of the United States. [Id. at 7–8]. As to petitioner's argument that this Court has jurisdiction under 28 U.S.C. § 1361, the magistrate judge rejected that argument. 28 U.S.C. § 1361 states "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The magistrate judge found that Judge Wilson is not an officer or employee of the United States, and further that "Judge Wilson does not owe plaintiff a duty to issue a favorable decision in his case." [Id. at 9]. Accordingly, the R&R recommends the Complaint be dismissed.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the R&R [Doc. 14] on March 3, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

"'[A] court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.' **In re Recticel Foam Corp.**, 859 F.2d 1000, 1002 (1st Cir. 1988); Fed. R. Civ. P. 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.')." **Miller v.**

3

***United States Dist. Ct. for S. Dist. of W. Virginia***, No. 2:17-CV-137, 2017 WL 6760647, at *1 (N.D. W.Va. Nov. 29, 2017), aff'd, 716 F.App'x 228 (4th Cir. 2018). Reviewing the objections [Doc. 14], the petitioner has failed to show that the magistrate judge erred in finding that this case lacks subject matter jurisdiction and therefore this case must be dismissed.

First, petitioner objects that "he never filed, in forma pauperis, that he filed the Indigent Forms." [Doc. 14 at 1]. These are the same; a Motion to Proceed *in forma pauperis* is one that allows the person bringing suit to proceed without paying for the costs of the suit, in this case, the form labeled as "Application to Proceed Without Prepayment of Fees and Affidavit." [Doc. 4]. Accordingly, this objection is overruled.

Second, petitioner reiterates his argument that this Court has jurisdiction under 28 U.S.C. § 1361, and argues the magistrate judge erred in that "Magistrate Judge, Robert W. Trumble, stated that Judge Wilson is not an officer or employee, of the United States, but he left out 'or any agency.' [T]he Sixteenth Judicial Circuit Court of Marion County, would be an agency of the United States." [Doc. 14 at 3]. As the magistrate judge correctly observed, Judge Wilson, as a state court judge, *is* an officer of West Virginia, but he is not an officer or employee of the United States. Nor is he an officer or employee of any agency of the United States, as the Circuit Court of Marion County is not an agency of the United States. This objection is overruled.

Third, petitioner asserts that because Judge Wilson dismissed the state court case with prejudice, it "takes a Federal Judge, to unseal the case, and reopen it back up." [Doc. 14 at 4]. This Court finds that the magistrate judge was correct that plaintiff's proper

4

remedy is seeking appellate relief in state court and that this Court lacked the jurisdiction to issue a writ of mandamus to Judge Wilson. Accordingly this objection is overruled.

Fourth, petitioner spends three paragraphs reasserting his arguments related to W.Va. Code § 55-4-31, violations of the Fourteenth Amendment in this case, the irreparable harm that would result if this Court does not grant a preliminary injunction, and this Court's authority to issue a preliminary injunction. [Doc. 14 at 4–5]. As these arguments do not direct this Court to any specific error in the magistrate judge's R&R, this objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 12]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Complaint **[Doc. 2]** is **DISMISSED WITHOUT PREJUDICE**, and the Petition for Writ of Mandamus **[Doc. 1]**, the Motion for Preliminary Injunction **[Doc. 3]**, and the Motion for Leave to Proceed *In Forma Pauperis* **[Doc. 4]** are **DENIED AS MOOT**, and the fee waived. The Court further **DIRECTS** the Clerk to enter judgment in favor of respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 8, 2021.

_____
**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**